Mosside Associates, Ltd. *v.* Zoning Hearing Board of the Municipality of Monroeville et al. Milan Kluko et al., Appellants.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Richard L. Rosenzweig,* for appellants.

*Vincent C. Murovich,* with him *Marjorie A. Schlutz,* for appellee.

OPINION BY JUDGE MACPHAIL, December 28, 1982:

Milan Kluko, Jack Backus and the Planning Commission of the Municipality of Monroeville, Appellants)[1] have appealed from an order of the Court of Common Pleas of Allegheny County which reversed

---

[1] John Doyle, originally named as one of the Appellants, filed a motion with this Court to permit his withdrawal from the appeal. The motion was granted by order of Court, per Judge ROGERS, on May 26, 1982.

a decision of the Zoning Hearing Board of Monroeville (Board) and reinstated the approval of a conditional use application by the Monroeville Municipal Council (Council). We affirm.

The conditional use application which gave rise to the proceedings below was filed by Mosside Associates, Ltd. (Mosside) on or about July 8, 1981 and proposes the construction of a motel, office building and parking garage on property owned by Mosside in Monroeville. Pursuant to the Monroeville zoning ordinance and Section 603 of the Pennsylvania Municipalities Planning Code (MPC),[2] the application was referred to the Planning Commission which recommended that Council deny the application. Council subsequently requested further review of the application and accompanying plans by its two planning agencies—the Monroeville Planning Department and the Planning Commission. The Council's request resulted in a recommendation by the Planning Department that the application be granted subject to three conditions. The Planning Commission, however, reaffirmed its recommendation that the application be denied by Council. On September 9, 1981, Council approved the conditional use application subject to thirteen conditions.

At issue here are two consolidated appeals filed with the Board by the Planning Commission and its members, as individuals. The appeal by the Plan-

---

[2] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10603. Section 603 provides, in pertinent part, as follows:

In addition, zoning ordinances may contain:

. . . .

(2) Provisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances. . . .

ning Commission purports to challenge the interpretation by the "zoning officer" of several ordinance provisions pertinent to the conditional use application. The appeal filed by the individual members of the Planning Commission challenges both the "zoning officer's" interpretation and Council's ultimate decision to approve the application. The Board consolidated the appeals and, after three hearings, concluded that the "zoning officer" had misinterpreted the zoning ordinance and declared Council's approval of the application to be void. On appeal, the court of common pleas reversed the Board's decision concluding, *inter alia,* that the Board lacked jurisdiction over the consolidated appeal. The instant appeal followed.

Several issues have been raised in this appeal regarding procedural matters and the standing of Appellants to initiate the challenges before the Board. We first address Appellants' contention that Mosside failed to perfect its appeal to the court of common pleas from the Board's decision regarding the Planning Commission's challenge. Appellants' contention is based on the theory that the appeals to the Board by the Planning Commission and its individual members remained separate appeals throughout the proceedings before the Board, and that the notice of appeal filed with the common pleas court indicated that the Board's decision regarding only one of the appeals was being challenged. We disagree. At the hearing before the Board on November 4, 1981 a motion was made and carried by the Board to "consolidate *the two applications.*" (Emphasis added.) We think the clear effect of this motion was to merge the two appeals into one, thus necessitating only one decision by the Board. *See* 1 Goodrich-Amram 2d §213(a):1 (1976) (where two actions are consolidated

pursuant to Pa. R.C.P. No. 213(a) only one action retains its identity and the others are absorbed by it). The Board apparently issued only one decision and we conclude that Mosside perfected its appeal to the court of common pleas from that decision.

As previously noted, the Planning Commission did not directly challenge the Council's decision in this case, but rather challenged only the "zoning officer's" interpretation of several provisions of the ordinance. This challenge was instituted pursuant to Sections 909 and 914 of the MPC, 53 P.S. §§10909 and 10914, which provide, *inter alia,* that zoning boards shall hear appeals involving zoning officer decisions and that any officer or agency of the municipality may file such an appeal. The issue of the Planning Commission's standing to initiate this challenge has been raised in the instant appeal. While the term "municipal agency" is not defined by the MPC, a "planning agency" is defined in Section 107(15) of the MPC, 53 P.S. §10107(15), as "a planning commission, planning department, or a planning committee of the governing body." We conclude that the Planning Commission is an agency of the municipality and is, therefore, granted statutory authority by Section 914 to appeal zoning officer decisions to the Board.[3]

Although the Planning Commission has standing to challenge zoning officer decisions, we agree with the court of common pleas that the Commission's portion of the appeal should nevertheless have been dismissed by the Board. We do so for the reason

---

[3] We do not by this opinion address the issue of a planning commission's standing to appeal from a governing body decision under Section 1007 of the MPC, 53 P.S. §11007. Again, the Planning Commission here has only challenged a zoning officer interpretation and thus, may take advantage of the specific language in Section 914 conferring standing on municipal agencies.

that our careful review of the record has disclosed no involvement whatsoever by the Monroeville zoning officer in this case.

The record indicates that the zoning officer in Monroeville, Mr. Szilard, also serves as the municipality's planning director. All of the ordinance interpretations and recommendations made by Mr. Szilard and directed to the Council in this case, were clearly rendered in his capacity as planning director, and *not* as zoning officer. The MPC gives a municipality through its governing body, the power to create a planning commission, a planning department, or both.[4] Council in Monroeville chose to create both types of planning agencies and has appointed Mr. Szilard director of the Planning Department.[5] The fact that Mr. Szilard was acting as planning director in this case is supported by the language of the MPC, which provides no advisory role for the zoning officer in conditional use cases. Section 603 of the MPC, 53 P.S. §10603 clearly states that conditional use applications are to be ruled on "by the governing body after recommendations *by the planning agency. . . .*" (Emphasis added.) In the instant case, Council requested recommendations from both of its planning agencies. The propriety of this dual request has not been challenged. Since we conclude that no action of a zoning officer is involved in this case, Sections 909 and 914 can provide no basis for an appeal. We conclude, as did the trial court, that the appeal should have been dismissed by the Board.

With regard to the individual member's portion of the appeal, we similarly conclude that their challenge to the "zoning officer's" interpretation of the

---

4 *See* Section 201 of the MPC, 53 P.S. §10201.

5 *See* Section 208 of the MPC, 53 P.S. §10208.

ordinance should have been dismissed by the Board. The individuals' challenge, however, also included an appeal from the Council's decision on Mosside's conditional use application under Section 1007 of the MPC, 53 P.S. §11007. In this regard, we must resolve the issue of whether the court of common pleas correctly concluded that Council's decision should have been appealed directly to the court rather than to the Board, and that the Board, therefore, lacked jurisdiction over the matter. We conclude that the proper procedure was followed in this case and that the trial court erred in holding otherwise.

Section 1007 of the MPC, 53 P.S. §11007, provides in pertinent part, that:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance . . . *shall first submit their objections to the zoning hearing board.* . . . (Emphasis added.)

Since a decision on a conditional use application is made by the governing body, we interpret Section 1007 as requiring that persons aggrieved by a conditional use decision regarding another person's property present their challenge first to the zoning hearing board and then to the court of common pleas.[6]

---

[6] Although this Court has in the past allowed cases to proceed without comment where an appeal was taken directly to common pleas court from a governing body decision on a conditional use application, the issue of the applicability of Section 1007 was never raised or addressed in those cases. *See, e.g., Robinson Township v. Westinghouse Broadcasting Co.*, 63 Pa. Commonwealth Ct. 510,

*See Pierce Junior College v. Schumacker,* 17 Pa. Commonwealth Ct. 604, 333 A.2d 510, *cert. denied,* 423 U.S. 1016 (1975) and R. Ryan, Pennsylvania Zoning Law and Practice §5.1.4 (1979 Supp.).

Although we conclude that the appeal to the Board was procedurally correct, we must still determine whether the individual Commission members had standing under Section 1007 to initiate an appeal from Council's decision to the Board. Thus, we must determine whether the members were "persons aggrieved" by Council's decision. *Baker v. Zoning Hearing Board of West Goshen Township,* 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976).

In order to have standing as a "person aggrieved" the person must have a direct interest that is adversely affected by the action which he seeks to challenge. The interest must also be substantial, immediate, and not a remote consequence of the challenged action. *Cablevision v. Zoning Hearing Board of Easton,* 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974). Although the Commission members allege that they are property owners in Monroeville and, therefore, presumably have a direct interest in Council's action, we have found nothing in the record which would establish that their individual interests were adversely affected by the grant of the conditional use application. An essential element of standing, which has not been established here, is the requirement that a person be *adversely* affected by the challenged action. *William Penn Parking Garage, Inc. v. City of Pitts-*

440 A.2d 642 (1981) ; *Warren v. Collier Township Board of Commissioners,* 62 Pa. Commonwealth Ct. 481, 437 A.2d 86 (1981) ; *Brentwood Borough v. Cooper,* 60 Pa. Commonwealth Ct. 462, 431 A.2d 1177 (1981) ; *Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc.,* 59 Pa. Commonwealth Ct. 479, 430 A.2d 367 (1981).

*burgh,* 464 Pa. 168, 346 A.2d 269 (1975). We also conclude that the Commission members have failed to establish that they as individuals have a "substantial interest" to protect by this litigation. In order for an interest to have substance, there must be a perceivable adverse impact on the interest other than the common interest of all citizens in having others comply with the law. The individual commissioners here have failed to show how their interests differ from that of other citizens in the community; accordingly, we conclude that they lacked standing to appeal Council's decision under Section 1007 of the MPC.

The order of the court of common pleas will be affirmed.

### ORDER

It is ordered that the order of the Court of Common Pleas of Allegheny County, dated February 18, 1982, No. SA 1505 of 1981, is hereby affirmed.

