J-S36034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LILLIAN C. HAGEMEYER AND JOHN H. HAGEMEYER, HUSBAND AND WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| TIMIAN ENTERPRISES, INC., | |
| Appellee | No. 1457 MDA 2015 |

Appeal from the Order Entered July 29, 2015
In the Court of Common Pleas of Columbia County
Civil Division at No(s): 2011-CV-1871

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 10, 2016**

Appellants Lillian and John Hagemeyer, plaintiffs in the negligence action below, appeal from the July 29, 2015, order entered by the Court of Common Pleas of Columbia County granting Appellee Timian Enterprises' motion *in limine* to preclude Appellants' proposed expert from offering opinion testimony regarding Appellee's negligence. By order of October 1, 2015, we directed Appellants to show cause as to why we should not quash this appeal as taken from an unappealable interlocutory order. Appellants timely responded with argument as to why the subject order qualifies for review as a collateral order, and they have also filed an appellate brief arguing that the trial court entered its order in error. Because the order is not a collateral order appealable under Pa.R.A.P. 313(b), we quash the present appeal as interlocutory.

*Former Justice specially assigned to the Superior Court.

On December 13, 2011, Appellants filed a complaint in negligence alleging that Appellee negligently maintained the sidewalk directly in front of its building where Appellant Lillian Hagemeyer tripped and fell. According to the complaint, Hagemeyer "stepped on an uneven portion of the sidewalk where a raised edge was located between the concrete slabs, which caused her to fall[]" and sustain "injuries and/or damages[.]" Complaint, filed 12/13/11, ¶¶ 8 and 11.

During discovery, Appellants provided an "Architect's Report of the Lillian Hagemeyer Fall" prepared by Lawrence C. Dinoff, who rendered an expert opinion that Appellee's negligent failure to maintain and repair the sidewalk caused the 76 year-old Hagemeyer to trip and fall. In Dinoff's opinion,

> Hagemeyer fell because the sidewalk in front of [Appellee's building] was heaved and uneven creating the 1½" high abrupt edge that caused her to trip. The sidewalk was uneven because tree roots had heaved the surface, a process that would have taken years. While other large trees had been removed and other areas of sidewalk had been repaired, this tree remained and the heaved sidewalk that tripped Hagemeyer was not repaired. The failures of [Appellee] to have repaired the sidewalk before [Hagemeyer] fell made the sidewalk dangerous in a manner that caused Hagemeyer to fall.

Report, August 6, 2014, at 2-3.

To support his opinion, Dinoff cited nationally published studies and standards, such as American National Standard ANSI/ASTM F1637, Standard Practice for Safe Walking Surfaces, providing that exterior walkways with "abrupt variations"—a term comprising changes in levels greater than 1/2

- 2 -

inch—shall be replaced, repaired, or conspicuously marked to warn pedestrians. Appellee's failure to remedy the sidewalk in any of these ways, Dinoff opined, created what he called a "hazardous condition." Dinoff then maintained that such a hazardous condition represented a violation of the Property Maintenance Code of the Town of Bloomsburg, which incorporated language from the International Property Maintenance Code (IPMC) of 2003 providing that "[a]ll sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair and maintained free from *hazardous conditions*." Ordinance 875, 6/28/2004 (emphasis added).

On April 23, 2015, Appellee filed a motion *in limine* to exclude Dinoff's report and testimony as neither supported by the facts of record nor necessary because the issues did not involve matters requiring knowledge, information, or skill beyond that which an ordinary juror would possess. Specifically, Appellee maintained the elevation changes between the sidewalk slabs were less than 1½"—ranging from 3/8" to 1¼"—and the question of whether the sidewalk represented a "hazardous condition" in violation of the town code was a matter within the ken of an ordinary juror, obviating the need for expert testimony.

After receiving Appellants' reply and hearing argument on the motion, the trial court entered its order of July 29, 2015, granting Appellee's motion

and excluding the testimony of Lawrence Dinoff.[1] On August 25, 2015, Appellants filed a notice of appeal and a motion for reconsideration, the latter of which the court denied.

As a prefatory matter, we consider whether the July 29, 2015 order is appealable. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa.Super. 2000) (citation omitted). Our Supreme Court has elucidated the requirements that an order must meet to qualify as an appealable collateral order.

> With limited exceptions, Pennsylvania law permits only appeals from final orders. *See* Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order."). Final orders are those that dispose of all claims and all parties, are explicitly defined as final orders by statute, or are certified as final orders by the trial court or other reviewing body. However, Pennsylvania Rule of Appellate Procedure 313(b) permits a party to take an immediate appeal as of right from an otherwise unappealable interlocutory order if the order meets three requirements: (1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b). All three prongs of

---

[1] In its Pa.R.A.P. 1925(a) Opinion, the trial court explains it determined expert opinion would not aid the jury in deciding the matter. "The crux of the expert's opinion is common knowledge: sidewalks should be maintained free from hazardous conditions and variations in height between adjoining surfaces can be hazardous to pedestrians. . . . The court further agrees with defendant that this witness is being offered solely because he is an 'expert.'" Trial Court Opinion, filed November 29, 2015, at 1.

Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal.

*Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). "Additionally, 'we construe the collateral order doctrine narrowly. In adopting a narrow construction, we endeavor to avoid piecemeal determinations and the consequent protraction of litigation.'" *Commonwealth v. Sabula*, 46 A.3d 1287, 1291 (Pa.Super. 2012) (quoting *Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121, 1130 (Pa. 2009)). *See Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003) (noting as a "specialized, practical application of the general rule that only final orders are appealable as of right[,]" collateral order doctrine must be interpreted narrowly "to prevent undue corrosion of the final order rule."). "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Id.*

We first review whether Appellants have met the third requirement of Rule 313(b), that an important interest or right cannot be adequately vindicated on appeal from final judgment, as we find this issue dispositive of the present appeal. "To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial." *Sabula*, 46 A.3d at 1293 ((quoting *Keefer v. Keefer*, 741 A.2d 808, 813 (Pa.Super.

- 5 -

1999) (citations omitted), *disapproved on other grounds*, *Kincy v. Petro*, 606 Pa. 524, 2 A.3d 490 (2010)).

In *Sabula*, we held that the issue raised by a trial court order denying defendant/appellant's pretrial motion to enforce a nonprosecution agreement was not irrevocably lost if not addressed immediately. We reasoned that "any right [a]ppellant has in the avoidance of criminal sanctions by virtue of his compliance with a nonprosecution agreement with the Commonwealth would be mooted in the event of an acquittal and would, in the event of conviction, be reviewable in an appeal from a final judgment of sentence." *Id.* at 1293. Whether an appellant satisfies the third element of Rule 313(b), therefore, turns on a demonstration that there exists no possibility of vindicating the issue at stake other than entertaining an immediate appeal. *See Melvin*, *supra* (holding, in defamation action against anonymous source, right to prevent disclosure of appellant's identity would be irreparably lost if trial court order compelling disclosure not reviewed until final judgment; no other means to cure disclosure existed); *Spanier v. Freeh*, 95 A.3d 342, 346, 348-49 (Pa.Super. 2014) (holding trial court order staying civil proceedings did not irreparably harm right to remove case to federal court; though stay could take case beyond one year limitations period, claim not immediately appealable where possibility existed that federal court could exercise equitable exception to one-year time requirement to file for removal into federal court); *Brophy v. Philadelphia Gas Works & Philadelphia Facilities Mgmt. Corp.*, 921 A.2d 80, 87 (Pa.

Cmwlth. 2007) (holding third element established only upon showing that issue involved will not be able to be raised on appeal, if appeal is delayed).[2]

Instantly, Appellants cannot demonstrate the issue they raise before us is vindicable only upon our immediate review under the collateral order rule. Indeed, as was the case in **Sabula**, any right Appellants have in presenting an expert to assist the jury in understanding the concepts of duty and breach of duty in sidewalk conditions would be reviewable on appeal following an order entering final judgment, and may even be mooted in the event Appellants prevail in their action. Since the order in question, therefore, failed to meet the third requirement for review as a collateral order, we lack jurisdiction to address this appeal. Accordingly, we quash the appeal as interlocutory.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016

---

[2] We note the Commonwealth Court case, though not binding upon this Court, is nonetheless instructive in our resolution of the issue before us.