J-A02026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA WILLIAMS | : | |
| | : | |
| Appellant | : | No. 440 WDA 2021 |

Appeal from the Order Entered March 12, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0017835-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA WILLIAMS | : | |
| | : | |
| Appellant | : | No. 441 WDA 2021 |

Appeal from the Order Entered March 12, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0013294-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ALVIS WILLIAMS | : | |
| | : | |
| Appellant | : | No. 442 WDA 2021 |

Appeal from the Order Entered March 12, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0013882-2009

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
           :               PENNSYLVANIA
           :
      v.         :
           :
           :
JOSHUA A. WILLIAMS       :
           :
      Appellant    :   No. 443 WDA 2021

Appeal from the Order Entered March 12, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0011756-2009

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
           :               PENNSYLVANIA
           :
      v.         :
           :
           :
JOSHUA WILLIAMS        :
           :
      Appellant    :   No. 444 WDA 2021

Appeal from the Order Entered March 12, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0006775-2009

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:        **FILED: January 28, 2022**

Joshua Williams (Appellant) appeals from the order denying his "Petition to Enforce Plea Agreement/Petition to Correct the Record." Upon review, we affirm.

On August 21, 2010, Appellant entered negotiated guilty pleas as follows: at CP-02-CR-06775-2009, one count each of possession of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

controlled substance and possession of drug paraphernalia; at CP-02-CR-13294-2009, two counts each of possession with intent to deliver (PWID) and possession of a controlled substance; at CP-02-CR-11756-2009, one count each of robbery-serious bodily injury and unlawful restraint; at CP-02-CR-13882-2009, one count of theft by unlawful taking; and at CP-02-CR-17835-2009, one count of PWID. On October 21, 2010, the trial court sentenced Appellant, consistent with the plea agreement, to an aggregate 5 – 10 years of incarceration, followed by 5 years of probation. Appellant did not file post-sentence motions or notices of appeal.

On November 28, 2018, Appellant, *pro se*, filed an untimely[1] petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, and on January 27, 2019, counsel filed an amended PCRA petition on Appellant's behalf. In the amended petition, Appellant claimed prosecutors had advised him that "his cases would be consolidated," and as a result, Appellant believed he would receive "a single, 'consolidated' conviction." Amended PCRA Petition, 1/27/19, at ¶¶ 3-4. Appellant did not realize his plea agreement involved multiple convictions until 2018, when he pled guilty to federal offenses and discovered that the prior convictions "subjected him to a significantly increased sentence." *Id.* ¶ 12. Appellant argued this realization in 2018 satisfied the newly-discovered fact

---

[1] Appellant's judgment of sentence became final on November 22, 2010, when the time expired for him to file a timely notice of appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).

exception to the PCRA's time-bar. *Id*.; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii).

On February 19, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a response on March 7, 2019, and on March 28, 2019, the PCRA court dismissed Appellant's petition as untimely filed. On April 18, 2019, Appellant filed notices of appeal[2] which this Court consolidated *sua sponte*.

In affirming the denial of relief, we concluded:

> [Appellant's] convictions, listed under each of his five docket numbers, are and have always been part of the public record; consequently, they may not now be used to surmount the PCRA time-bar. *See* [*Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) ("[T]o qualify as a new fact, the information may not be part of the public records.")]; *see also Commonwealth v. Curley*, 189 A.3d 467, 473 (Pa. Super. 2018) ("Docket entries ... in criminal proceedings are public records"). As such, the trial court did not have jurisdiction to consider [Appellant's] untimely PCRA petition where no section 9545(b) exception was pled and proven.

*Commonwealth v. Williams*, 240 A.3d 190, at *4 (Pa. Super. Aug. 21, 2020) (table) (unpublished memorandum) (some citations omitted).

On December 16, 2020, Appellant filed the underlying "Petition to Enforce Plea Agreement/Petition to Correct the Record." Appellant averred he "reasonably, but mistakenly" believed that the consolidation of his cases "would constitute one 'conviction' for purposes of any future recidivism-based sentencing," and sought "enforcement and the benefit of his reasonable

---

[2] *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).

- 4 -

understanding, regardless of whether that understanding is otherwise provided for or cognized by the governing law." Petition to Enforce Plea Agreement, 12/16/20, at ¶¶ 17-18. The trial court construed Appellant's petition as a second PCRA petition and issued Rule 907 notice on January 12, 2021. In response, Appellant claimed the petition fell outside the ambit of the PCRA and was not subject to its time-bar. Response to Rule 907 Notice, 1/29/21, at 7. The trial court subsequently agreed the petition fell outside the scope of the PCRA, but denied Appellant's petition as a matter of law. Order, 3/12/21.

Appellant timely filed five notices of appeal, which this Court consolidated *sua sponte* on May 10, 2021. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following question for review:

> Did the trial court err in failing to grant a hearing on [Appellant's] Petition to Enforce Plea Agreement/Petition to Correct the Record where he made allegations consistent with the record and supported by his own testimony that, if credited, would warrant relief?

Appellant's Brief at 7.

Plea agreements are "contractual in nature and [are] to be analyzed under contract law standards." ***Commonwealth v. Hainesworth***, 82 A.3d 444, 449 (Pa. Super. 2013) (citation omitted). Contract interpretation is a question of law. ***Gillard v. Martin***, 13 A.3d 482, 487 (Pa. Super. 2010). "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." ***Id.***

Appellant concedes his interpretation of the plea agreement was mistaken, but claims he "is entitled to *his* reasonable understanding of the benefit of his bargain, even if the Commonwealth does not share it." Appellant's Brief at 15-16 (italics in original). Appellant contends the totality of the circumstances indicate whether a plea agreement has been breached, "and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth." **Id**. (quoting **Hainesworth**, 82 A.3d at 447).

As to his plea agreement in particular, Appellant argues the term "consolidate" is ambiguous. He cites our Supreme Court's decision in **Kincy v. Petro**, 2 A.3d 490 (Pa. 2010), which stated:

> The term "consolidation" is used in three different senses: First, where all except one of several actions are stayed until one is tried, in which case the judgment in one is conclusive as to the others; **second, where several actions are combined into one and lose their separate identity and become a single action in which a single judgment is rendered**; and, third, where several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. Failure in many cases to clearly distinguish between these various uses of the word has caused no little apparent confusion in the decisions.

Appellant's Brief at 19 (quoting **Kincy**, 2 A.3d at 494) (emphasis added by Appellant). Appellant states that "the General Assembly has frequently provided for the treatment of numerous offenses as 'consolidated' into a single 'conviction' for purposes of application of anti-recidivist sentencing provisions." **Id**. (citing **Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2005)

(interpreting the "conviction" to include all crimes committed prior to arrest, conviction, and an opportunity to reform)).

Recently, the Pennsylvania Supreme Court observed,

> there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea-bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Commonwealth v. Cosby*, 252 A.3d 1092, 1032 (Pa. 2021) (citation omitted). "[D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication." *Commonwealth v. Kerns*, 220 A.3d 607, 612 (Pa. Super. 2019).

Upon review, we are not persuaded by Appellant's argument. Initially, we note *Kincy* was a negligence action arising from an automobile accident, wherein the Supreme Court discussed "consolidation" in the context of civil actions, and specifically Pa.R.C.P. 213 (Consolidation, Severance and Transfer of Actions and Issues within a County. Actions for Wrongful Death and Survival Actions). The Court did not address or extend its analysis to criminal proceedings.

Moreover, and contrary to Appellant's assertions, our review reveals that consolidation of Appellant's cases at a single guilty plea hearing, such

that Appellant "would sustain a single conviction for purposes [of] the application of any future anti-recidivism sentencing statutes – *i.e.*, one 'strike'", was not contemplated in the plea negotiation. Appellant's Brief at 15; *see also* N.T., 10/21/10, at 2-6. At the guilty plea hearing, the trial court inquired,

> THE COURT: Are you able to read, write, and understand the English language?
>
> [Appellant]: Yes, ma'am.
>
> THE COURT: Have you had any drugs or alcohol in the past 48 hours which would impair your ability to participate in the proceedings here today?
>
> [Appellant]: No, ma'am.
>
> THE COURT: Do you suffer any mental illness or infirmity which would in any way limit your ability to participate in these proceedings?
>
> [Appellant]: No, ma'am.
>
> THE COURT: **Other than the amendments to the information placed on the record by the Commonwealth in each case and the agreement as to sentence also placed on the record**, **have any promises been made to you in connection with your guilty plea**?
>
> [Appellant]: No, ma'am.
>
> THE COURT: Has anybody forced you, threatened you, or coerced you in any way with regard to your decision to plead guilty here today?
>
> [Appellant]: No, ma'am.

THE COURT: Along with [defense counsel] you did read and answer all 68 questions contained in the Guilty Plea, Explanation of Defendant's Rights form; is that correct?

[Appellant]: Yes, ma'am.

THE COURT: And did you answer these questions honestly?

[Appellant]: Yes, ma'am.

THE COURT: You did indicate by adding your signature on Page 9 of this colloquy that you have read the entire document and you do understand its full meaning. Is that true?

[Appellant]: Yes, ma'am.

N.T., 10/21/10, at 6-8 (emphasis added).

The matter immediately proceeded to sentencing, at which the court again inquired as to whether Appellant understood the terms of the plea agreement:

THE COURT: [Appellant], **are you pleading guilty to the charges in each of these five cases** as I have read them to you?

[Appellant]: Yes, ma'am.

*Id.* at 14 (emphasis added).

Consistent with the foregoing, the record supports the trial court's determination that the Commonwealth agreed to amend Appellant's criminal information and negotiated the sentences at each docket in exchange for Appellant's guilty plea; the record does not support a finding that either party contemplated the cases would be consolidated and treated as a single conviction. There was no mention of "consolidation" during the plea

proceedings. When the trial court asked Appellant whether he had received additional promises in exchange for his plea, Appellant responded "No, ma'am." *Id.* at 7. "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully." ***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003). Finally, at the conclusion of the hearing, the trial court addressed Appellant, stating, "Addicts return to what they know. **And if you do, you'll be back with a prior record score that's going to be quite high and the likelihood of serving a much longer period of incarceration.**" N.T., 10/21/10, at 16 (emphasis added).

For the above reasons, we are unpersuaded by Appellant's claim that the entry of his negotiated plea constituted a single conviction for "the application of any future anti-recidivism sentencing statutes." Appellant's Brief at 15.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022