J. E02004/14

2014 PA Super 277

IHOR MALANCHUK,                           :     IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                   Appellant              :
                                          :
              v.                          :
                                          :
ILYA SIVCHUK, ETC.                        :
                                          :
------------------------------------------ :
                                          :
IHOR MALANCHUK,                           :
                                          :
                   Appellant              :
                                          :
              v.                          :
                                          :     No. 1379 EDA 2012
                                          :
ALEX TSIMURA, ETC. AND                    :
TATYANA TSIMURA, ETC.                     :


Appeal from the Order Entered March 26, 2012,
in the Court of Common Pleas of Philadelphia County
Civil Division at Nos. 3249 May Term 2009,
4727 April Term, 2010


BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, SHOGAN, ALLEN,
         OTT, WECHT, STABILE, AND JENKINS, JJ.


OPINION BY FORD ELLIOTT, P.J.E.:**FILED DECEMBER 17, 2014**

        Ihor Malanchuk ("Malanchuk") appeals from the March 26, 2012 order

granting summary judgment to Alex Tsimura, both individually and trading

as Impressive Windows and Alexis Impressive Windows, and to

Tatyana Tsimura, both individually and trading as Impressive Windows and

Alexis Impressive Windows and Alexis Impressive Windows, Inc.

(collectively, "Tsimura").  The appeal in this consolidated case is from an

order granting summary judgment in favor of Tsimura as to all counts pled in one action, but only granting partial summary judgment for the defendant in the other action, denying the motion as to Malanchuk's negligence claim. The trial court asserts that the instant appeal is taken improperly from an interlocutory order, since summary judgment was not granted as to all claims and parties. Malanchuk contends that the order is final and appealable because despite the entry of a consolidation order, the two actions did not involve identical parties and so retained their separate identities. We granted **en banc** review to determine whether this court has jurisdiction over an interlocutory appeal, taken without permission of the trial court, in a consolidated case where a single plaintiff brings identical allegations against separate defendants. For the following reasons, we find that consolidation of the two separate actions does not affect the interlocutory nature of the order in question, and the order is unappealable. Therefore, we are compelled to quash the appeal.

The factual and procedural history of this case was aptly summarized by the trial court as follows:

> In 2007, Malanchuk began work as a carpenter for [Ilya] Sivchuk's [("Sivchuk")] construction company, Four Brothers. Four Brothers paid Malanchuk from invoices that he submitted after each work assignment. Malanchuk worked on a project-by-project basis. Four Brothers required Malanchuk to provide his own tools. Sivchuk hired Tsimura as a field manager for Four Brothers in 2007. Tsimura relayed work assignments to Four Brothers' contractors such as Malanchuk and

supervised their work. Four Brothers paid Tsimura a fixed annual salary.

Sivchuk enlisted Four Brothers' contractors to build an addition on his private dwelling at 920 Old Dolington Road. Several days before May 2, 2008, Sivchuk brought an unassembled scaffolding to that dwelling. Four Brothers' contractors used the scaffolding at the work site before the accident and left it partially assembled inside the home. On May 2, 2008, Sivchuk faxed Malanchuk's work assignment to Tsimura, who instructed Malanchuk to go with him to Sivchuk's home. Tsimura was hired to do the physical work on this project, and was not acting as a supervisor at that time. Sivchuk was in control of the work done on this project.

On May 2, 2008 Tsimura instructed Malanchuk to prepare for the work and left for several hours. Tsimura did not instruct Malanchuk to assemble the scaffolding. Malanchuk found the partially assembled scaffolding and completed the scaffolding with parts found on the premises. There were no guardrails with the scaffolding. Tsimura returned and instructed Malanchuk to climb the scaffolding to install trim which would be cut by Tsimura on the ground. When Malanchuk reached the second tier, a board moved and Malanchuk fell to the floor. He sustained a triad fracture in his elbow.

Trial court opinion, 5/9/12 at 3-4 (footnotes omitted).

On May 27, 2008, Malanchuk filed a claim under his own workers' compensation coverage against his insurer, the State Workers' Insurance Fund (the "SWIF").[Footnote 1] On May 13, 2009, the SWIF added defendant [] Sivchuk [] as a defendant in the workers' compensation action. On June 2, 2010, the parties reached a $30,000 settlement in the workers' compensation proceedings. Although Sivchuk contributed to the settlement, the settlement agreement contained a specific denial of any employer-employee relationship between Sivchuk and Malanchuk.

[Footnote 1] Malanchuk was required to maintain workers' compensation in his own name as a condition of his employment with Four Brothers Construction Company.

On May 21, 2009, while the workers' compensation claim was pending, Malanchuk filed a complaint in this Court against Sivchuk. The complaint contained counts in negligence and products liability. On April 30, 2010, Malanchuk filed a separate action in which he asserted counts in negligence and products liability against defendant [] Tsimura []. [Footnote 2] The actions were consolidated by order dated June 6, 2011.

[Footnote 2] In his answer to Tsimura's Motion for Summary Judgment, Malanchuk has withdrawn all products liability claims.

On December 5, 2011 the Defendants moved for summary judgment. Sivchuk claimed immunity because he was Malanchuk's statutory employer pursuant to the Pennsylvania Workers' Compensation Act (the "Act"). Sivchuk further asserted that summary judgment should have been granted as to the products liability claim because he was not in the business of supplying scaffolding. Tsimura claimed that he did not supply the scaffolding and that there was no proof of negligence on his part.

On March 22, 2012 the Court denied summary judgment as to the negligence claims against Defendant Sivchuk because he did not qualify as a statutory employer. The Court granted summary judgment against Sivchuk as to all product liability claims because Sivchuk was not engaged in the business of selling or supplying a product. The Court granted Tsimura's summary judgment motion as to all claims. [Malanchuk] moved for reconsideration of grant of summary judgment for Tsimura on April 5, 2012. [Malanchuk] claimed that summary judgment

was not proper because Tsimura was the controlling contractor. On May 1, 2012, the court denied this motion.

Trial court opinion, 5/9/12 at 1-2.

Before we may reach the merits, we must first address Tsimura's argument that this appeal is not properly before us because "the question of appealability implicates the jurisdiction of our court." ***Jacksonian v. Temple University Health System Foundation***, 862 A.2d 1275, 1279 (Pa.Super. 2004), quoting ***In re Estate of Israel***, 645 A.2d 1333, 1336 (Pa.Super. 1994). "Generally, only appeals from final orders are eligible for appellate review." ***Id.*** (citation omitted).

"Few legal principles are as well settled as that an appeal properly lies only from a final order unless otherwise permitted by rule or statute." ***G.B. v. M.M.B.***, 670 A.2d 714, 717 (Pa.Super. 1996) (***en banc***) (citations omitted). Whether an appellant has filed a timely appeal from a final order implicates the jurisdiction of this court. ***Flowers v. Flowers***, 612 A.2d 1064, 1065 (Pa.Super. 1992) (citations omitted). Pennsylvania Rule of Appellate Procedure 341 defines a final order as, ***inter alia***, any order that disposes of all claims and all parties. Pa.R.A.P., Rule 341(b)(1), 42 Pa.C.S.A.

Rule 341 provides, in pertinent part:

> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

**(b)** **Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

**(c)** **Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(a), (b) & (c).

The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Rule 341 that are no longer appealable as of right unless the trial court or administrative agency makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):

(1) an order dismissing one of several causes of action pleaded in a complaint

but leaving pending other causes of action;

(2) an order dismissing a complaint but leaving pending a counterclaim;

(3) an order dismissing a counterclaim but leaving pending the complaint which initiated the action;

(4) an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants; and

(5) an order granting judgment against one defendant but leaving pending the complaint against other defendants; and

(6) an order dismissing a complaint to join an additional defendant or denying a petition to join an additional defendant or denying a petition for late joinder of an additional defendant.

Pa.R.A.P. 341, Note.

As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. In adhering to this policy, the courts have sought to avoid piecemeal litigation. This court has held that an appeal will not lie from an order granting partial summary judgment.

***Bolmgren v. State Farm***, 758 A.2d 689, 690-691 (Pa.Super. 2000)

(citations omitted). ***See also Estate of Considine v. Wachovia Bank***,

966 A.2d 1148, 1153 (Pa.Super. 2009) (order granting summary judgment

to one of multiple defendants not subject to interlocutory appeal as of right).

Here, the order appealed from is interlocutory as it did not dispose of all claims and all parties. The negligence claim against Sivchuk remains outstanding. Nor did Malanchuk file a petition seeking permission to appeal pursuant to Pa.R.A.P. 312. Accordingly, we do not have jurisdiction to hear this appeal.

As stated above, these actions were consolidated for trial. On Sivchuk's motion filed pursuant to Pa.R.C.P. 213(a),[1] the court ordered consolidation of the two lawsuits "for the purpose of discovery, arbitration and if [the arbitration is] appealed, trial" under docket number 3249 May Term 2009. (Order, 6/6/11 at 1.) Malanchuk argues that because the two actions involved different defendants, each action retained its separate character and required the entry of a separate judgment. ***See Roznowski v. Pennsylvania National Mutual Casualty Insurance Co.***, 493 A.2d 775, 777-778 (Pa.Super. 1985) ("When separate actions are consolidated for trial, each action retains its separate character. Each has its separate docket entries, and each produces its own verdict and judgment."), citing ***Azinger v. Pennsylvania Railroad Co.***, 105 A. 87 (Pa. 1918). Malanchuk

---

[1] In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

maintains that this was not a "complete consolidation" whereby several actions are combined into one and lose their separate identities, becoming a single action in which a single judgment is rendered. Therefore, according to Malanchuk, the summary judgment order had the effect of terminating the lawsuit against Tsimura and rendering the March 26, 2012 order a final, appealable order.

Malanchuk relies on **Kincy v. Petro**, 2 A.3d 490 (Pa. 2010), which we find to be inapposite. In that case, Alice Kincy ("Kincy") was driving her vehicle in which her brother, Jerome Nixon ("Nixon"), was a passenger, when it was struck by a vehicle driven by Anastasia Petro ("Anastasia"). **Id.** at 491. The vehicle Anastasia was driving was owned by her mother, Nancy Petro ("Petro"). **Id.** Kincy filed suit against Petro, alleging that Petro was negligent in operating her vehicle, resulting in injuries to Kincy. **Id.** Thereafter, Nixon and his wife filed a separate action naming both Anastasia and Petro as defendants, alleging that Anastasia was negligent in her operation of the vehicle, and that Petro negligently entrusted the vehicle to her daughter. **Id.** Petro filed an answer and new matter to Kincy's complaint, admitting that she owned the vehicle that struck Kincy's car, but asserting that her daughter, Anastasia, was the driver at the time of the accident. **Id.** Despite the fact it was undisputed that Anastasia, not Petro, was driving the vehicle at the time of the accident, Kincy never sought leave

to amend her complaint to include a claim against Anastasia, or to amend the basis of her cause of action against Petro. *Id.*

Subsequently, the cases were consolidated "for all purposes" including discovery, trial and appeal. *Id.* The Nixons settled their claims against Anastasia and Petro, and their action was discontinued. *Id.* at 492. Prior to trial, the trial court granted Anastasia and Petro's motion *in limine* seeking to preclude Kincy from presenting any evidence other than evidence in support of her claim against Petro for negligent operation of the vehicle. *Id.* The trial court rejected Kincy's argument that as a result of the consolidation order, her complaint merged with the Nixons' complaint, and therefore she had asserted a negligence claim against Anastasia. *Id.* The trial court reasoned that pursuant to *Azinger*, separate actions can be merged into a single action only if they involve, *inter alia*, the same parties. *Id.* Subsequently, as it was undisputed that Petro was not the driver of the vehicle that struck Kincy, the trial court granted nonsuit in favor of Anastasia and Petro. *Id.*

Kincy appealed, and this court affirmed on the trial court opinion. *Id.* On further appeal, our supreme court also affirmed, holding that the pleadings filed in the separate cases did not automatically merge:

> The court's action was not such a consolidation of the two proceedings as to merge the two actions into one, but merely an order directing they be tried together in view of the fact that the cases were of the same nature, arose out of the same transaction, and depended in each case upon substantially the

same proofs, and was made in the interest of justice and for the purpose of avoiding unnecessary delay and expense.

*Id.* at 493.

The *Kincy* court found that while a trial court may order the actions "consolidated" under Rule 213(a), this is distinct from the "complete consolidation" implicated in *Azinger*, which predated the enactment of Rule 213. *Id.* at 493-494. Complete consolidation cannot occur unless the actions involve the same parties, subject matter, issues, and defenses:

> Thus, where a party or trial court seeks complete consolidation of two separate actions, we reaffirm our holding in *Azinger* that such consolidation cannot be achieved unless the actions involve the same parties, subject matter, issues, and defenses. As the Kincy and Nixon actions did not involve identical parties, under *Azinger*, the actions could not have been consolidated such that the actions lost their separate identities and the pleadings merged.

*Id.* at 495.[2]

Malanchuk's reliance on *Kincy* for the proposition that because the actions were consolidated under Rule 213, the claims against each defendant retained their separate identities, thereby rendering summary judgment for Tsimura a final order, expands *Kincy*'s application far beyond its holding and abrogates the definition of a final order. Key to understanding *Kincy* is that by the time the cases were consolidated, the statute of limitations had

---

[2] The *Kincy* court acknowledged that since the enactment of the compulsory joinder rule, Pa.R.C.P. 1020(d), there would be few, if any, circumstances where complete consolidation as contemplated by *Azinger* would apply.

expired. The accident occurred on September 13, 2003. *Id.* at 491. Kincy filed suit on August 3, 2005, and the cases were consolidated on March 7, 2006. *Id.* If the *Kincy* court had accepted her argument regarding merger, it would have defeated the statute of limitations by effectively allowing her to amend her complaint to include an entirely new cause of action.[3] Such a result would have created a loophole in the statute of limitations. *See id.* at 495 ("a conclusion that Rule 213(a) contemplates complete consolidation between actions involving non-identical parties, subject matter, issues and defenses, is simply untenable. In ascertaining the intention of the Supreme Court in the promulgation of a rule, it is presumed that we did not intend a result that is absurd, impossible of execution, or unreasonable."). *See also id.* at 498 (Saylor, J., concurring) ("A looser approach permitting automatic, retroactive consolidation of counts to encompass unstated cross-claims is untenable, since the potential for disorder, confusion, and surprise is simply too great.").

Had Malanchuk filed a single complaint naming both Sivchuk and Tsimura as defendants, or sought to amend his original complaint to name a new party, all allegations against all defendants would have been contained in a single complaint under a single court term and number and there would be no question that the order granting partial summary judgment was

---

[3] Obviously, had the statute of limitations not expired, Kincy could have amended her complaint and the issue would be moot.

interlocutory and non-appealable. There is no reason to treat the March 26, 2012 order any differently simply because the claims against each defendant were initially filed separately and then consolidated for trial pursuant to Rule 213(a). It is unreasonable to find the otherwise interlocutory order is final and appealable based solely on the manner in which the claims were originally presented.

Rule 341 specifically provides that any order which adjudicates fewer than all claims and parties is not a final order. Pa.R.A.P. 341(c). Malanchuk could have petitioned the court for permission to appeal under Pa.R.A.P. 312. The rule permits a trial court to specifically designate an order of partial summary judgment as final, thereby allowing for immediate appeal. Therefore, the rules already provide for the possibility of immediate appellate review. Malanchuk chose not to pursue this course, and the trial court did not determine its order granting partial summary judgment necessitated immediate appellate review.

*Kincy* is distinguishable on its facts and never addressed the issue of what constitutes an appealable order. *Kincy* involved the merger of complaints filed by separate plaintiffs, after the statute of limitations had expired. The matter *sub judice* involves a single plaintiff bringing identical allegations against joint defendants. Consolidation of the claims against Sivchuk and Tsimura does not affect the interlocutory nature of the order in question, thus *Kincy* is inapplicable. For these reasons, we are compelled to

quash the instant appeal as interlocutory, and we are without jurisdiction to address Malanchuk's substantive claims.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014