J-A06044-15 and J-A06045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: T.R.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: THE BUCKS COUNTY CHILDREN AND YOUTH SOCIAL SERVICES AGENCY AS TO FATHER, L.R., JR. | |
| | No. 1614 EDA 2014 |

Appeal from the Order Entered April 29, 2014
In the Court of Common Pleas of Bucks County
Orphans' Court at No(s): 2014-9008-36

---

| | |
|---|---|
| IN RE: T.R.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  THE BUCKS COUNTY CHILDREN AND YOUTH SOCIAL SERVICES AGENCY, AS TO MOTHER, H.J.W. | |
| | No. 1838 EDA 2014 |

Appeal from the Order Entered May 9, 2014
In the Court of Common Pleas of Bucks County
Orphans' Court at No(s): 2014-9008-36

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 13, 2015**

H.J.W. ("Mother") and L.R. ("Father") are the mother and putative father,[1] respectively, of T.R.R., a minor child. Bucks County Children and Youth Services ("CYS") filed petitions seeking termination of Mother's and Father's parental rights over T.R.R. In separate decrees, the Orphans' Court granted CYS' petition for voluntary termination of Father's parental rights and confirmed Mother's voluntary relinquishment of her parental rights. Both parents wrote letters to the Orphans' Court requesting reconsideration of the decrees terminating their respective rights. In response, the Orphans' Court entered decrees ("Vacatur Decrees") which (1) vacated the decrees terminating Father's and Mother's parental rights and (2) permitted CYS to file new petitions for involuntary termination of each parent's parental rights.

CYS filed two appeals at the above caption numbers objecting to the Vacatur Decrees. CYS contends that Father's and Mother's change of position is nothing more than gamesmanship, and that the Orphans' Court should have enforced their voluntary relinquishments of parental rights. We quash both appeals as interlocutory.

T.R.R. was born on May 7, 2008 and was adjudicated dependent on December 27, 2010. He has remained in placement since that date. CYS

---

[1] Alleged biological father.

asserts that T.R.R. was "a mess" when he went to his current foster home in 2011 but has thrived in the care of his foster parents. Brief For CYS, 1614 EDA 2014, pp. 8-9. CYS further claims that T.R.R.'s visits with both parents are "concerning," particularly his visits with Father. *Id*.

On June 14, 2013, Mother executed a consent to voluntarily relinquish her parental rights over T.R.R. On January 14, 2014, CYS filed a petition seeking involuntary termination of Father's parental rights and a petition to confirm Mother's voluntary consent to T.R.R.'s adoption.

During an evidentiary hearing on March 28, 2014, the Orphans' Court found that Mother gave valid consent to voluntary relinquishment of her parental rights. On the same date, based on CYS' unopposed motion, the Orphans' Court granted leave for CYS to amend its petition to seek Father's voluntary relinquishment of parental rights. Father testified that he desired to relinquish his parental rights voluntarily. At the conclusion of the hearing, the Orphans' Court held that Father voluntarily, freely and without coercion consented to termination of his parental rights.[2]

On April 4, 2014, the Orphans' Court entered a decree granting CYS' amended petition for voluntary termination of Father's parental rights.

_____

[2] CYS also filed a petition for involuntary termination of the parental rights of another individual, J.W. On April 29, 2014, the Orphans' Court entered a decree terminating J.W.'s parental rights. The Orphans' Court never vacated this decree. Nor has any party appealed this decree.

On April 17, 2014, the Orphans' Court received a letter from Father stating in pertinent part: "I would like to appeal my decision." The Orphans' Court determined that this "appeal" was Father's attempt to withdraw his voluntary relinquishment of parental rights. On April 29, 2014, the Orphans' Court entered a Vacatur Decree vacating its April 4, 2014 decree granting CYS' amended petition for voluntary termination of Father's parental rights. The court granted CYS permission to move for a hearing concerning involuntary termination of Father's parental rights within thirty days, and the court stayed any adoption petition filed in this matter pending resolution of Father's parental rights.[3]

On April 29, 2014, the Orphans' Court entered a decree granting CYS' petition to confirm Mother's consent to T.R.R.'s adoption. On May 8, 2014, the Orphans' Court received a letter from Mother seeking to revoke her voluntary relinquishment of parental rights. On May 9, 2014, the Orphans' Court entered a Vacatur Decree vacating its April 29, 2014 decree granting

_____

[3] The Vacatur Decree pertaining to Father provides:

> AND NOW, this 29th day of April, 2014, our Decree of April 4, 2014 granting the Agency's Petition for Voluntary Termination of [Father]'s parental rights, is hereby VACATED. The April 16, 2014 'appeal' of [Father], seeking to withdraw his voluntary relinquishment of parental rights within thirty (30) days of said relinquishment is GRANTED. The Bucks County Children and Youth Agency is directed if the Agency so desires, to file for an Involuntary Termination of parental Rights hearing, within thirty (30) days of the date of this Order. If an Adoption Petition has been filed in this matter, it shall be Stayed, pending resolution of the Involuntary Termination of Parental Rights.

CYS' petition to confirm Mother's consent to T.R.R.'s adoption. The court granted CYS permission to move for a hearing concerning involuntary termination of Mother's parental rights within thirty days, and the court stayed any adoption petition filed in this matter pending resolution of Mother's parental rights.[4]

On May 29, 2014, CYS appealed both Vacatur Decrees to this Court.

As a threshold matter, we must decide whether the Vacatur Decrees are appealable. We lack jurisdiction over an appeal unless the order in question is appealable. *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa.Super.2009). This Court "has the power to inquire at any time, *sua sponte,* whether an order is appealable." *Id.* If the order is not appealable, we must quash the appeal. *Malanchuk v. Sivchuk*, -- A.3d --, 2014 WL 7157105, *4-6 (Pa.Super., Dec. 17, 2014) (quashing appeal; partial summary judgment order which was appealed without permission of trial court, and which involved single plaintiff bringing identical allegations against separate defendants, was interlocutory; order was not final and appealable because it did not dispose of all claims and all parties, thus Superior Court did not have jurisdiction to hear the appeal).[5]

---

[4] The Vacatur Decree pertaining to Mother is identical in form to the Vacatur Decree pertaining to Father.

[5] The Orphans' Court timely entered each Vacatur Decree well within thirty days of the original decree. *See* 42 Pa.C.S. 5505 ("except as otherwise provided or prescribed by law, a court upon notice to the parties may modify
*(Footnote Continued Next Page)*

The law is clear that "an appeal may [only] be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **Stahl v. Redcay**, 897 A.2d 478, 485 (Pa.Super.2006).

The Vacatur Decrees are not final orders, since they neither "dispose[] of all claims and of all parties" nor are "expressly defined as. . .final order[s] by statute." Pa.R.A.P. 341(b)(1), (2) (defining "final order"). Instead, these Decrees merely have the effect of transforming the proceedings from voluntary to involuntary termination proceedings.[6]

*(Footnote Continued)* ──────────────

or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed").

[6] We agree with Mother that **In Re H.S.W.C.-B.**, 836 A.2d 908 (Pa.2003), is distinguishable from this case. In that decision, our Supreme Court held that an order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final and appealable when entered. **Id**., 836 A.2d at 911. Even an order which preserves the status quo by denying a goal change or termination of parental rights is appealable, because

> maintaining the *status quo* could put the needs and welfare of a child at risk by permanently sheltering goal change and termination petitions from appellate review. . .[As a practical matter], these petitions go to the same trial judge. If a trial judge erroneously denies these motions and improperly maintains the *status quo,* and keeps doing that on periodic review,

*(Footnote Continued Next Page)*

Nor did the Orphans' Court certify these Decrees as final orders. Pa.R.A.P. 341(c) defines the certification procedure as follows: "The trial court. . .may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered." *Id*. Neither Vacatur Decree states that it is a "final order" or that "an immediate appeal [will] facilitate resolution of the entire case."

The Vacatur Decrees are not appealable interlocutory orders as of right, because they do not fall within the categories of appealable interlocutory orders identified within Pa.R.A.P. 311, *e.g.*, orders refusing to open, vacate or strike judgments; orders refusing to dissolve attachments or

*(Footnote Continued)* ————————

> such an improper order will *never* be subject to appellate review.

*Id*. at 910.

The Vacatur Decrees do not preserve the status quo indefinitely and therefore are not final orders under *H.S.W.C.-B.* The effect of the Vacatur Decrees is merely to convert these termination proceedings from voluntary to involuntary termination. If CYS timely files involuntary termination petitions following quashal of this appeal, the Orphans' Court's decrees in response to the petitions will be final and appealable, regardless of whether they grant or deny involuntary termination. *Id*. The Vacatur Decrees do not thwart finality, as was the case in *H.S.W.C.-B.*, but merely select another pathway toward achieving finality.

receiverships; orders granting or denying most injunctions; or orders awarding new trials. **See**, **e.g.**, Pa.R.A.P. 311(a)(1), (2), (4), (6).

Nor are the Vacatur Decrees appealable interlocutory orders by permission under Pa.R.A.P. 312, which states: "An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)." CYS did not request or receive permission to appeal pursuant to Chapter 13 of the Rules of Appellate Procedure.

Lastly, the Vacatur Decrees are not appealable as collateral orders. Pa.R.A.P. 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The Vacatur Decrees are not "separable from and collateral to the main cause of action." **Id**. To the contrary, they are directly related to the main cause of action (termination of Mother's and Father's parental rights) by permitting further proceedings on the question of termination.

In short, the Vacatur Decrees do not fit within any category of appealable orders. They are, plainly and simply, non-appealable interlocutory orders which we lack jurisdiction to review. **See In Re Estate**

*of Quinn*, 805 A.2d 541, 542 (Pa.Super.2002) (general rule prohibits the appeal of most interlocutory orders in order to prevent piecemeal, protracted litigation). Therefore, we cannot reach the merits of CYS' arguments that the Orphans' Court erred by entering the Vacatur Decrees.

Appeals quashed. Motion of amicus curiae to participate in oral argument denied as moot.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2015