J-S16010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HBR PROPERTIES, LLC<br>NO. S-1957-11 | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | |
| BRETT RUSSELL | |
| ************************<br>WILLIAM J. DAVIS and PAULA<br>CARNEY DAVIS<br>NO. S-234-2013 | No. 1492 MDA 2014 |

v.

BRETT RUSSELL and ERIK ANGSTADT
***************************
BEVERLY BLACKWELL
          NO. S-2437-11

          v.

BRETT RUSSELL
***************************
APPEAL OF: BEVERLY BLACKWELL

Appeal from the Order July 29, 2014
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-1957-11
                        S-234-2013
                        S-2437-11

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 07, 2015**

Appellant, Beverly Blackwell, appeals from the July 29, 2014 order granting summary judgment in favor of Brett Russell, defendant below, and

against HBR Properties, LLC, William J. Davis and Paula Carney Davis, and Beverly Blackwell, plaintiffs in three related civil actions below. Those actions were docketed at Schuylkill County Nos. S-1957-11; S-234-2013; and S-2437-11. The trial court asserts that the appeal is improperly taken from an interlocutory order, because it was not taken from a final order disposing of all claims and of all parties in this case. Based upon this Court's recent *en banc* decision in **Malanchuk v. Sivchuk**, 106 A.3d 789 (Pa. Super. 2014), **appeal granted in part**, 2015 WL 3403210 (Pa. May 27, 2015), we agree that the order is unappealable. Accordingly, we quash Blackwell's appeal.

On October 11, 2013, the related cases were consolidated for discovery and trial upon stipulation of counsel and approval of the trial court. The cases were consolidated to the earliest filed case, **HBR Properties, LLC v. Brett Russell**, at No. S-1957-11. As noted above, summary judgment was entered in favor of Brett Russell, defendant in all three actions. Claims remain pending against Erik Angstadt, a defendant only in the action docketed at No. S-234-2013. The grant of summary judgment in favor of Brett Russell disposes of the claims asserted by appellant Beverly Blackwell against the only named defendant in her case (docketed below at No. S-2437-11). The appealability of the July 29, 2014 order depends upon the effect of the 2013 stipulated consolidation of the three cases.

An appeal lies only from a final order unless otherwise permitted by rule or statue. **See Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013). A final order is any order that disposes of all claims and all parties. Pa.R.A.P. 341(b)(1). The instant appeal involves three consolidated actions

filed by different plaintiffs against the same defendant, Brett Russell. One of the actions also asserted claims against defendant Erik Angstadt. Those claims remain outstanding. *See Malanchuk*, *supra*, involved two consolidated actions by a single plaintiff asserting the same claims against separate defendants. An *en banc* panel of this Court rejected appellant's argument that an order granting summary judgment in favor of the defendant as to all counts in one action, but only granting partial summary judgment for the defendant in the other action, was a final and appealable order. *See id*. at 794-795. Relying on *Kincy v. Petro*, 2 A.3d 490, 495 (Pa. 2010), the appellant had argued that despite the trial court's consolidation of the two actions they retained their separate identities because they did not involve identical parties. *See id*. The panel determined that consolidation of the two cases pursuant to Pa.R.C.P. 213 had the same effect as if the cases had been filed under a single complaint under a single court term and number. The panel concluded that it would be "unreasonable to find the otherwise interlocutory order is final and appealable based solely on the manner in which the claims were originally presented." *Id*. at 795.

Applying the decision in *Malanchuk* to this case, the July 29, 2014 order is interlocutory as it did not dispose of all claims and parties in the consolidated action. The claims against defendant Angstadt remain outstanding. Nor did Blackwell file a petition seeking permission to appeal pursuant to Pa.R.A.P. 312. Accordingly, we are without jurisdiction to entertain the instant appeal.

Appeal quashed.   Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2015