J-A22019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PENNLYCO, LTD. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| INTERNATIONAL DEVELOPMENT CORPORATION | |
| PENNLYCO, LTD. | |
| v. | No. 2114 MDA 2014 |
| SOUTHWESTERN ENERGY PRODUCTION COMPANY | |

Appeal from the Order Entered April 8, 2014
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 12-02326
12-02428

BEFORE: BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 10, 2015**

Pennlyco Ltd. ("Pennlyco") appeals from an order of the Lycoming County Court of Common Pleas granting International Development Corporation's ("IDC") and Southwestern Energy Production Company's ("Southwestern") motions for summary judgment and denying Pennlyco's

_____

[*] Retired Senior Judge assigned to the Superior Court.

motion for summary judgment.[1]  We quash the appeal because Pennlyco failed to file a notice of appeal within 30 days of the filing of the praecipe to withdraw Southwestern's counterclaim.

Pennlyco filed a complaint against IDC, docketed at No. CP-41-CV-02326-2012 ("No. 02326").  It also filed a complaint against Southwestern at No. CP-41-CV-02428-2012 ("No. 02428").  The actions were consolidated for purposes of discovery and trial.  On August 5, 2013, Pennlyco filed a motion for summary judgment.  On February 14, 2014, IDC filed a motion for summary judgment, and, on February 18, 2014, Southwestern filed a motion for summary judgment.  On April 8, 2014, the trial court found the statute of limitations barred Pennlyco's claims.  It granted IDC's and Southwestern's motions for summary judgment and denied Pennlyco's motion for summary judgment.  Judgment was entered against Pennlyco and in favor of IDC on its quiet title counterclaim at No. 12-02326.  Judgment also was entered against Pennlyco and in favor of Southwestern on its quiet title counterclaim and counterclaim for declaratory relief at No. 12-02428.

Pennlyco filed notices of appeal at each docket number.  This Court quashed the appeals because counterclaims remained pending.

_____

[1] Contrary to Pennlyco's contention, it does not appeal from the November 18, 2014 final supplemental order.  Rather, it appeals from the April 8, 2014 order disposing of the summary judgment motions.

On July 25, 2014, IDC filed a praecipe to discontinue with prejudice its counterclaim against Pennlyco and a praecipe for final order requesting that the Prothonotary issue a final judgment in favor of IDC because the court had granted IDC's summary judgment motion and IDC had discontinued its counterclaim. On August 13, 2014, the trial court held a conference in chambers to discuss Pennlyco's desire to appeal. Pennlyco claims all parties agreed they would work together to stipulate to a discontinuance of Southwestern's remaining claims and reach an agreed-upon final order. Answer to Motion to Quash at 7. On October 3, 2014, Southwestern filed a praecipe to withdraw its counterclaim without prejudice. The praecipe stated: "Defendant, [Southwestern], hereby withdraws only its counterclaim III for Intentional and Tortious Interference filed to 12-02428 without prejudice in the above-referenced consolidation action." On November 12, 2014, the parties filed a stipulation stating: "The parties by and through their undersigned counsel, agree to entry of the Order as attached."[2]

On November 18, 2014, the trial court entered an order, which noted IDC and Southwestern withdrew their pending counterclaims and stated:

_____

[2] Appellant attached to its answer to IDC's motion to quash the stipulation it circulated among the parties, which was signed by the parties. That stipulation made clear that Southwestern reserved the right to file an application pursuant to 42 Pa.C.S. §7538. The stipulation in the certified record only states: "The parties by and through their undersigned counsel, agree to entry of the Order as attached."

> Because there were no issues remaining to be resolved and because the Court has not been presented with any reasons to modify it [sic] prior Orders in these two cases, this Court affirms its Opinion and Order.
>
> The Prothonotary shall enter judgment in favor of IDC in 12-02326 on its quiet title counterclaim against Pennlyco and in favor of Southwestern in 12-02428 on its quiet title counterclaim and against Pennlyco and its counterclaim for declaratory relief against Pennlyco.
>
> This Supplemental Order constitutes a Final Order which disposes of all claims and of all parties pursuant to Pa.R.A.P. No. 341(b)(1).

Supplemental Final Order, 11/17/2014.

On December 12, 2014, Pennlyco filed notices of appeal at both docket numbers. Pennlyco and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. On May 27, 2014, this Court consolidated the appeals *sua sponte*. Order, 5/27/2014.

Appellant raises the following claims on appeal:

> 1. Did the trial Court err when it granted summary judgment in favor of [Appellees IDC and Southwestern]?
>
> 2. Did the trial Court err when it denied Pennlyco's motion for summary judgment?

Appellant's Brief at 5.

To be timely, Pennlyco was required to file a notice of appeal by November 3, 2014,[3] within thirty days of Southwestern's October 3, 2014

---

[3] Thirty days following October 3, 2014 was Sunday, November 2, 2014. Pennlyco had until the next business day to file its appeal. **See** Pa.R.Civ.P. 106(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this

*(Footnote Continued Next Page)*

praecipe to withdraw its counterclaim, which was the last remaining claim in the consolidated actions.

In **Burkey v. CCX, Inc.**, 106 A.3d 736 (Pa.Super.2014), the plaintiff filed a complaint against two defendants and one of the defendants joined an additional defendant. On May 25, 2012, the trial court granted the additional defendant CCX's motion for summary judgment and, on July 20, 2012, the parties filed a stipulation dismissing with prejudice defendant Hanover. On July 26, 2013, a similar stipulation dismissed defendant West Point with prejudice.[4] On August 6, 2013, a second document was entered entitled "Order to Settle Discontinue and End as To Defendant West Point Foundry and Machine Company Only."

The plaintiff in **Burkey** filed a notice of appeal on September 3, 2013. This Court found the time began to elapse on July 26, 2013, the date the stipulation to dismiss West Point, the sole remaining defendant, was filed. **Burkey**, 106 A.3d at 738. This Court first noted that "[i]t is well settled that the interlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining

_(Footnote Continued)_ ————————————

Commonwealth or of the United States, such day shall be omitted from the computation.")

[4] Although, unlike **Burkey**, Southwestern's praecipe withdrew the counterclaim without prejudice, the distinction does not impact the finality of the action. **See Levitt v. Patrick**, 976 A.2d 581, 588 (Pa.Super.2009) ("if a claim was discontinued prior to trial, we do not inquire whether the discontinuance was with or without prejudice.").

party and the case is therefore resolved as to all parties and all claims." **_Id._**

Further, this Court reasoned that "a case may be resolved against the final

defendant by other than an order of court, as happens where the case

against the sole remaining defendant is discontinued or settled, and a docket

entry to the effect that the claim was discontinued or settled may serve to

render the prior judgments final and appealable." **_Id._** at 739. The Court

noted "[Pennsylvania Rule of Civil Procedure 229[5]] requires court approval

_____

[5] Rule 229 provides:

> (a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.
>
> (b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.
>
> . . .
>
> (c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.
>
> _Note:_ Court approval of a discontinuance must be obtained in any action in which a minor is a party, Rule 2039(a), an action for wrongful death in which a minor is beneficially interested, Rule 2206(a), an action in which an incapacitated person is a party, Rule 2064, and a class action, Rule 1714.
>
> . . .

_(Footnote Continued Next Page)_

only where fewer than all defendants are being dismissed and there is not written consent from all parties." ***Id.*** at 741.

In ***Burkey***, the trial court found the grant of summary judgment as to the additional defendant CCX became final on July 26, 2013, when there was a docket entry noting the case against the final remaining defendant was dismissed. ***Id.*** This Court agreed. It rejected Appellant's argument that the time period did not begin on July 26, 2013, when the court order was entered, noting no order was required to finalize the dismissal. ***Burkey***, 706 A.2d at 740.

Here, IDC filed a praecipe to withdraw its counterclaims on July 25, 2014. Because the cases against IDC and Southwestern were consolidated for discovery and trial and because Southwestern's counterclaims remained pending when IDC filed its praecipe to withdraw its counterclaims on July 25, 2014, Pennlyco could not appeal at that time.[6]

*(Footnote Continued)* ―――――――――――――

Pa.R.Civ.P. 229.

[6] IDC filed a motion to quash the appeal, which it withdrew in light of ***Malanchuk v. Sivchuk***, 106 A.3d 789 (Pa.Super. 2014), which quashed the appeal in a case consolidated for discovery and trial after concluding the appeal was from an interlocutory order granting summary judgment in favor of defendant as to all counts pled in one action, but only granting partial summary judgment in the other action.

The en banc panel in ***Malanchuk*** reasoned:

> Had Malanchuk filed a single complaint naming both
> Sivchuk and Tsimura as defendants, or sought to amend
> his original complaint to name a new party, all allegations

*(Footnote Continued Next Page)*

However, Southwestern filed a praecipe to withdraw its counterclaim on October 3, 2014. When Southwestern filed the praecipe to withdraw its counterclaim, the sole remaining claim, the order disposing of the summary judgment motions became final as to all parties. No court order was needed to effectuate the withdrawal and, therefore, the November supplemental order was unnecessary and had no impact on the timeliness of Pennlyco's appeal. Accordingly, Pennlyco's appeal is untimely.[7]

_(Footnote Continued)_ _____

against all defendants would have been contained in a single complaint under a single court term and number and there would be no question that the order granting partial summary judgment was interlocutory and non-appealable. There is no reason to treat the March 26, 2012 order any differently simply because the claims against each defendant were initially filed separately and then consolidated for trial pursuant to Rule 213(a). It is unreasonable to find the otherwise interlocutory order is final and appealable based solely on the manner in which the claims were originally presented.

**Malanchuk**, 106 A.3d at 795.

[7] As the timeliness of an appeal goes to our jurisdiction, we may raise the issue *sua sponte*. **In re Estate of Cella**, 12 A.3d 374, 377 (Pa.Super.2010) ("The appealability of an order directly implicates the jurisdiction of the court asked to review the order. [T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable.").

Appeal quashed.

Judge Platt joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/10/2015</u>