J-A22019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PENNLYCO, LTD., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| INTERNATIONAL DEVELOPMENT CORPORATION, | |
| v. | |
| SOUTHWESTERN ENERGY PRODUCTION COMPANY, | |
| | No. 2114 MDA 2014 |

Appeal from the Order Entered April 8, 2014
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 12-02326
12-02428

BEFORE:  BOWES, JENKINS AND PLATT,* JJ.

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED NOVEMBER 10, 2015**

I agree with my learned colleagues that this matter became appealable when Southwestern withdrew its counterclaim on October 4, 2014, the effect of which was to dispose of all claims among all parties. Thus, the within appeal filed more than thirty days later is untimely.[1]

---

\* Retired Senior Judge assigned to the Superior Court.

[1] IDC filed a motion to quash in which it asserted that the within appeal was untimely because final judgment was entered on July 25, 2014, when it discontinued its counterclaim and filed a *praecipe* for entry of judgment. *(Footnote Continued Next Page)*

However, I believe the circumstances herein warrant a *nunc pro tunc* appeal, and thus, I respectfully dissent.

A *nunc pro tunc* appeal is permitted when there was fraud or a breakdown in the operations of the court. ***Vietri ex rel. Vietri v. Delaware Valley High School***, 63 A.3d 1281, 1284 (Pa.Super. 2013). Additionally, "*nunc pro tunc* relief may also be granted where the appellant demonstrates that "(1) his notice of appeal was filed late as a result of non[-]negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) he filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." ***Id***.

The purpose of *nunc pro tunc* restoration of appellate rights was explained by our Supreme Court in ***Union Elec. Corp. v. Bd. of Prop. Assessments, Appeals & Review of Allegheny Cty.***, 746 A.2d 581, 584 (Pa. 2000). It is intended to be "a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." In civil cases, a *nunc pro tunc* appeal is generally granted where there was fraud or breakdown in the court's operations through a

*(Footnote Continued)* _____

However, Southwestern's counterclaim was still pending at that time, and thus, litigation in the consolidated action was not concluded as to all claims and all parties. ***See Manlanchuk v. Sivchuk***, 106 A.3d 789 (Pa.Super. 2014) (*en banc*) (declining to treat order disposing of claims against one of two defendants as final under Pa.R.A.P. 341(b)(1) simply because the claims against each defendant were initially filed separately and then consolidated for trial pursuant to Rule 213(a)).

default of its officers, or where an administrative body or court acts "negligently, improperly or in a misleading way." *Id*.

Herein, Pennlyco previously appealed the trial court's grant of summary judgment, but the appeal was quashed as interlocutory because there were outstanding counterclaims. Thereafter, the parties met with the trial court to discuss the best way to facilitate the finalizing of the consolidated cases so that Pennlyco could properly appeal. Emails exchanged following that conference indicate that all labored under the impression that an appeal would not lie unless and until the trial court expressly entered a final order. The trial court apparently did not dispel that notion. To that end, the parties entered into a stipulation to the effect that they had "prepared and agreed that a Supplemental Final Order" would be entered by the court to enable Pennlyco to appeal. The Supplemental Final Order entered by the trial court confirmed that pending counterclaims had been withdrawn and that no issues remained, and ordered the Prothonotary to enter judgment in favor of IDC and Southwestern. Supplemental Final Order, 11/17/14, at 2. It expressly stated therein that the Order constituted a final order pursuant to Pa.R.A.P. 341(b)(1). *Id*.

The appeal was filed within thirty days of the Supplemental Final Order, which all parties believed at the time was a prerequisite to perfect an appeal. Neither IDC nor Southwestern has alleged that it was prejudiced by the delay. In these unusual circumstances, I believe a *nunc pro tunc* appeal

- 3 -

is justified under ***Vietri ex rel. Vietri***, ***supra***, and I would remand for an order reinstating Pennlyco's appellate rights.