J-A03033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA COOPER, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF THE ESTATE OF GENE M. COOPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ARMSTRONG WORLD INDUSTRIES, INC., ALAN J. HAY, M.D. | |
| Appellees | No. 632 EDA 2015 |

Appeal from the Order Entered February 2, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2013, No. 02452

| | |
|---|---|
| SANDRA COOPER, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF THE ESTATE OF GENE M. COOPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ARMSTRONG WORLD INDUSTRIES, INC., ALAN J. HAY, M.D. | |
| Appellees | No. 633 EDA 2015 |

Appeal from the Order Entered February 2, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2452 August Term, 2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 17, 2016**

Appellant, Sandra Cooper, in her own right and as administratrix of the

Estate of Gene M. Cooper, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted summary judgment in favor of Appellees, Armstrong World Industries, Inc. (Appellee AWI) and Alan J. Hay, M.D. ("Appellee Hay"). For the reasons that follow, we quash the appeal.

The relevant facts and procedural history of this case are as follows. In September 2003, a chemical spill occurred at Appellee AWI's plant in Lancaster, Pennsylvania. Gene M. Cooper ("Mr. Cooper") was an employee of Appellee AWI and one of the workers assigned to clean up the spill. Mr. Cooper developed a cough and severe sinus pain immediately after his involvement in the cleanup. Within several months of the cleanup, Mr. Cooper began to be cognitively impaired.

When his cognitive issues became a problem at work, Appellee AWI referred Mr. Cooper to Appellee Hay for an evaluation. After evaluating Mr. Cooper, Appellee Hay contacted Mr. Cooper's primary physician, who ordered neurological testing to diagnose Mr. Cooper's condition. Due to Mr. Cooper's substantial cognitive issues, Appellee AWI placed Mr. Cooper on disability in May 2004. Over the next several years, Mr. Cooper's condition rapidly declined, and the court deemed Mr. Cooper a totally incapacitated person in June 2006. Appellant, who was then Mr. Cooper's court-appointed legal guardian, subsequently placed Mr. Cooper in a full-time assisted living facility. After multiple evaluations of Mr. Cooper by many different doctors,

Mr. Cooper was diagnosed with work-related encephalopathy with subsequent dementia in November 2007.

In December 2007, Appellant filed a worker's compensation claim on Mr. Cooper's behalf, which asserted that Mr. Cooper had developed encephalopathy with dementia after toxic overexposure at work. During the course of the worker's compensation case, Appellant requested Mr. Cooper's chemical exposure documentation from Appellee AWI. Appellee AWI supplied some of the pertinent information, but it claimed the rest of Mr. Cooper's relevant chemical exposure documentation had been inadvertently lost or destroyed during a move to a new building. In October 2011, however, Appellant learned from an employee of Appellee AWI that Mr. Cooper's chemical exposure documentation was stored on Appellee AWI's computer system.

In 2009, Appellant learned for the first time of Appellee Hay's evaluation of Mr. Cooper in 2004. After numerous additional evaluations of Mr. Cooper by doctors, Appellant learned that Mr. Cooper's prognosis was poor and his injury was the result of "occupational solvent exposure." Meanwhile, in the worker's compensation action, the court determined Mr. Cooper suffered from toxic encephalopathy caused by chronic solvent and chemical exposure and acute exposure to toxic chemicals while working at Appellee AWI's manufacturing plant. As a result, in 2012, the court awarded Mr. Cooper compensation benefits, interest, attorney's fees, litigation costs,

and medical expenses incurred for the treatment of his toxic encephalopathy.

On August 22, 2013, Appellant filed a tort action against Appellees. On October 9, 2013, Appellant filed an amended complaint, which raised claims of fraud, conspiracy, recklessness, negligent infliction of emotional distress, and intentional infliction of emotional distress. Appellee AWI and Appellee Hays filed preliminary objections on October 28, 2013, and October 29, 2013, respectively. The court overruled both Appellees' preliminary objections on November 29, 2013. Appellee Hays then filed an answer and new matter to Appellant's complaint on December 30, 2013, and Appellee AWI filed an answer and new matter on January 8, 2014. Mr. Cooper died on February 5, 2014.

On October 22, 2014, Appellant, along with her children, filed a wrongful death and survival action against Appellees, which raised claims related to the ones in the current action. On October 25, 2014, Appellant filed a motion to consolidate the 2013 tort action with the wrongful death and survival action pursuant to Pa.R.C.P. 213(e)(1), which the court granted by order dated November 26, 2014.

On December 1, 2014, both Appellees filed motions for summary judgment in the 2013 tort action, alleging, *inter alia*, that the relevant statutes of limitation barred Appellant's claims. After Appellant filed answers to Appellees' motions for summary judgment, the court granted summary

judgment on January 21, 2015, in favor of Appellees on Appellant's negligent infliction of emotional distress and intentional infliction of emotional distress claims. The court then granted summary judgment in favor of Appellees on Appellant's remaining claims in the 2013 tort action by order dated January 30, 2015, and docketed February 2, 2015. On February 10, 2015, Appellant filed a notice of appeal from the court's orders granting summary judgment in favor of Appellees. On February 11, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on March 2, 2015.

Appellant raises one issue for our review:

> DID THE [TRIAL] COURT IMPROPERLY INTRUDE UPON THE PROVINCE OF THE FACT-FINDER BY CONCLUDING THAT THE COOPERS HAD NOT EXERCISED REASONABLE DILIGENCE AND THUS RENDERING THE DISCOVERY RULE INAPPLICABLE TO THE STATUTE OF LIMITATIONS FOR FRAUD AND CONSPIRACY?

(Appellant's Brief at 4).

Preliminarily, we observe "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa.Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **In re Estate of Cella**, 12 A.3d 374, 377 (Pa.Super. 2010). "Generally, only appeals from final orders are eligible for appellate review." **Malanchuk v. Sivchuk**, 106 A.3d 789, 792 (Pa.Super. 2014),

- 5 -

*appeal granted*, ___ Pa. ___, 115 A.3d 310 (2015). Significantly:

> [An] appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*In re Estate of Cella, supra* (quoting *Stahl v. Redcay*, 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007)).

Pennsylvania Rule of Appellate Procedure 341 defines a final order as, *inter alia*, any order that disposes of all claims and all parties. Pa.R.A.P. 341(b)(1). Rule 341 further provides in pertinent part:

> **Rule 341.  Final Orders; Generally**
>
> **(a)   General rule.**—Except as prescribed in paragraphs (d), and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b)   Definition of final order.**—A final order is any order that:
>
> > (1)  disposes of all claims and of all parties; or
>
> > \*     \*     \*
>
> > (3)  is entered as a final order pursuant to paragraph (c) of this rule.
>
> **(c)   Determination of finality.**—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.   Such an order

becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(a), (b), and (c).

The relevant portion of Pennsylvania Rule of Civil Procedure 213 states:

> **Rule 213. Consolidation, Severance and Transfer of Actions and Issues within a County. Actions for Wrongful Death and Survival Actions**
>
> \* \* \*
>
> (e) A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.
>
> > (1) If independent actions are commenced or are pending in the same court, the court, on its own motion or the motion of any party, shall order the actions consolidated for trial.
>
> \* \* \*

Pa.R.C.P. 213(e)(1). Importantly, when cases are consolidated under Rule 213, an appealable order does not emerge until all claims against all parties in all consolidated actions have been resolved. **Malanchuk, supra** at 795.

Instantly, Appellant filed the 2013 tort action on August 22, 2013. After Mr. Cooper's death on February 5, 2014, Appellant and her children filed a wrongful death and survival action on October 22, 2014, which raised claims related to the claims raised in the earlier action. On October 25,

2014, Appellant filed a motion to consolidate the 2013 tort action with the wrongful death and survival action pursuant to Rule 213(e)(1), and the court granted Appellant's motion on November 26, 2014. A few days later, Appellees filed separate motions for summary judgment in the 2013 tort action, which the court granted. While the court's grant of summary judgment in favor of Appellees disposed of all claims in the 2013 tort action, it did not dispose of the claims in the wrongful death and survival action consolidated with the 2013 tort action. Because those related claims remain outstanding, we decline to review the summary judgment orders in favor of Appellees at this time. *See Malanchuk, supra*; Pa.R.A.P. 341.[1] Therefore, we hold that the best resolution is to quash this appeal. Appellant can challenge those orders on appeal at the appropriate time, but no earlier than the resolution of the consolidated wrongful death and survival action.[2] Accordingly, we quash this appeal.

Appeal quashed.

_____

[1] We note that *Malanchuk, supra* is currently pending before our Supreme Court.

[2] We further qualify our resolution of Appellant's case because the record also suggests the court consolidated the 2013 tort action with a products liability action, which is still pending in the Lancaster County Court of Common Pleas.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/17/2016</u>